IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 13, 2008 Session


# CHAD ALAN PARKER v. STATE OF TENNESSEE


**Appeal from the Criminal Court for Rutherford County**
**No. F-59907    Don R. Ash, Judge**

---

**No. M2007-02799-CCA-R3-PC - Filed July 31, 2008**

---

D. KELLY THOMAS, JR., J., dissenting.


The appellant urges this court to reverse the post-conviction court's decision denying him post-conviction relief based upon his allegation that trial counsel's failure to explain to him, prior to his plea of guilty, the extent of his obligations under the community supervision provisions of Tennessee Code Annotated section 39-13-524 constitutes ineffective assistance of counsel sufficient to undermine the voluntariness of his guilty plea. Specifically, he complains that had counsel informed him adequately regarding the requirements of lifetime community supervision, including the possible associated monthly cost of forty-five dollars, he would not have entered his guilty pleas to aggravated sexual battery and automobile burglary. The appellant claims and counsel conceded at the evidentiary hearing that this omission rendered his guilty plea involuntary, unintelligent and unknowing.

Lawyers should provide accurate information to their clients. However, every failing in that regard does not constitute ineffective assistance of counsel resulting in post-conviction relief. Both this court and our supreme court have held that failing to disclose all of the prerequisites of release on parole does not constitute ineffective assistance of counsel, nor does it render a guilty plea constitutionally deficient. See, e.g., Jaco v. State, 120 S.W.3d 828 (Tenn. 2003) (failure to inform of sex offender parole eligibility requirements did not render plea involuntary); Thomas Studdard v. State, W2004-00500-CCA-R3-PC, 2006 WL 2771033, at *5 (Tenn. Crim. App. Sept. 27, 2006) (failure to inform regarding sex offender counseling requirements prior to release on parole does not constitute ineffective assistance to render guilty plea involuntary). Similarly, the specifics of community supervision for life are, in my opinion, more of a collateral consequence of a guilty plea as opposed to a substantial consequence. Failing to completely and accurately explain that part of the plea is not deficient performance. To that extent, I respectfully disagree with the conclusion of the majority opinion regarding the ineffective assistance of counsel alleged in the petition.

Furthermore, as to the voluntariness of the plea, the following language from our supreme court's opinion in Jaco leads me to conclude that the plea in this case was constitutionally sufficient:

> Finally, were we to adopt Mr. Jaco's argument that a guilty plea of a sex offender will be constitutionally deficient unless the offender is informed of the mandatory psychological evaluation and certification that is required before release on parole is appropriate, then guilty pleas to other felony offenses are arguably invalid as well unless the offender is advised of all the criteria that will affect the offender's release on parole. We decline to adopt such a rule.

Jaco, 120 S.W3d at 833. By analogy and based upon this language, I decline to include the complete disclosure of all elements of parole supervision as a necessary requirement of the effective assistance of counsel and a constitutionally firm guilty plea.

For these reasons, I respectfully dissent from the majority opinion in this case and would affirm the judgment of the post-conviction court denying the petitioner relief in this matter.

_____
D. KELLY THOMAS, JR., JUDGE